UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:15-cr-162-T-23MAP
　　　　　　8:18-cv-1035-T-23MAP

ROBERTO TOMALA DE LA CRUZ
_____/

**O R D E R**

Tomala moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for conspiracy to possess with intent to distribute cocaine while aboard a vessel, for which offense he is imprisoned for 108 months. An earlier order (Doc. 2) directs Tomala to show cause why his motion is not time-barred. Tomala was sentenced in 2015 under the terms of a plea agreement and his one-year limitation expired in 2016. The motion to vacate is eighteen months late.

The earlier order explains the requirements for showing entitlement both to equitable tolling of the limitation and to actual innocence. Affording his response a generous interpretation, Tomala asserts entitlement to equitable tolling, which requires proof of "extraordinary circumstances" that were "both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 2009). Tomala asserts that his recent discovery of a policy change by the Department of Justice — a defendant is no longer required to waive his right to assert

a claim of ineffective assistance of counsel as a condition of a plea agreement — is an "extraordinary circumstance" (Doc. 3 at 1–2):

> Previously, federal prosecutors had the ability to ask criminal defendants, who pleaded guilty, to waive their right to bring claims sounding in ineffective assistance of counsel. Now, federal prosecutors may not include language that constitutes such a waiver in plea bargain documents, and waivers included in documents that were executed prior to the implementation of this new policy may not be enforced.

Tomala's argument is misplaced because the appeal waiver in his plea agreement (Doc. 43 at 15–16 in 8:15-cr-162), written in accord with the policy change, omits the former language that waived collaterally challenging the conviction. As a consequence, the appeal waiver provision in Tomala's plea agreement was no impediment to his timely asserting a claim of ineffective assistance of counsel.

And once again affording his response a generous interpretation, Tomala may contend that he directed counsel to appeal. "Petitioner's defense counsel advi[s]ed Mr. Tomala de la Cruz to do [*sic*] not appeal, [de]spite the wishes of him to file a direct appeal the day of his sentence." (Doc. 3 at 2) As determined above, Tomala fails to show that he could not timely present this claim earlier. As a consequence, Tomala's motion to vacate is time-barred.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Tomala, close this case, and enter a copy of this order in the criminal action.

# DENIAL OF BOTH A
# CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tomala is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Tomala must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Tomala is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Tomala must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 1, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE